```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**FRANK JAMES BURNETT,**

                    **Plaintiff,**

     v.                                     **CASE NO. 07-3038-SAC**

**MCPHERSON COUNTY SHERIFF'S DEPARTMENT, et al.,**

                    **Defendants.**

## O R D E R

Plaintiff, a prisoner confined in the McPherson County jail in McPherson, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri on December 19, 2006, and then transferred to this court.

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this action. Notwithstanding plaintiff's failure to submit a executed form motion as required by court rules, the court has reviewed plaintiff's attempt to comply with the pleading requirements imposed by 28 U.S.C. § 1915(a)(1) and (2).

Under the Prison Litigation Reform Act enacted in 1996, a prisoner is required to pay the full filing fee in any civil action or appeal. Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay the initial partial

filing fee, the prisoner shall not be prohibited from bringing a civil action.  28 U.S.C. § 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

In this action, plaintiff claims he is being denied his constitutional right of access to courts.  Plaintiff maintains that jail officials have an affirmative responsibility to ensure reasonable access to adequate legal materials, including basic legal texts, a typewriter, copies for filing with the court and for his own files, and notary services.  Plaintiff seeks damages for the alleged violation of his constitutional rights, and specific injunctive relief, namely, that defendants provide adequate legal materials to all prisoners at the jail, and to stop charging prisoners for stamps and envelopes needed for sending legal mail.

Plaintiff subsequently amended his complaint to name additional defendants, to supplement his allegations of being denied access to the courts, and to allege the denial of due process in jail disciplinary actions.[1]

---

[1] Plaintiff's motion for leave to file an amended complaint is granted.  Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.  The court liberally construes the amended complaint as incorporating all defendants and claims asserted in the original complaint.

2

*Screening under 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). Having reviewed plaintiff's allegations, the court finds the amended complaint is subject to being summarily dismissed for the following reasons.

*Access to the Courts*

The Supreme Court has held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). The constitutionally relevant benchmark is meaningful, not total or unlimited, access. <u>Id.</u> at 823. This right of meaningful access also extends to inmates in county jails. <u>Love v. Summit County</u>, 776 F.2d 908, 912 (10th Cir. 1985), *cert. denied,* 479 U.S. 814 (1986).

<u>Bounds</u>, however, "did not create an abstract, freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Prison authorities are only required to provide only those resources needed for inmates "to attack their

3

sentences, directly or collaterally...[or] to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

Also, a prisoner must demonstrate the alleged shortcomings impaired his ability to pursue a nonfrivolous legal claim. Id. at 351. See Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Here, plaintiff's allegations clearly reveal that he is complaining of being denied legal resources while serious criminal charges were pending against him. Notwithstanding plaintiff's broad statement in his amended complaint that he was without the assistance of counsel for ten to twelve weeks after he filed an ineffective assistance claim against his defense counsel, it is apparent that plaintiff had legal representation or access to the state district court to protect his rights during that criminal proceeding. Plaintiff thus fails to establish any actual prejudice for the purpose of stating a cognizable constitutional claim of being denied access to the courts.

Moreover, it is well recognized that petitioner is not entitled to unlimited access to legal resources, or the right to select the method of access to such resources. Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996). Nor is the alleged lack of a typewriter, requested copies, or notarial services sufficient absent a showing of prejudice that resulted, Peterson v. Shanks, 149 F.3d

4

1140, 1145 (10th Cir. 1998), namely that such deprivation "hindered his efforts to pursue a legal claim," Lewis v. Casey, 518 U.S. at 351.  See also Kane v. Garcia Espitia, 546 U.S. 9 (2005)(recognizing that a prisoner electing to proceed pro se in a state criminal action has no clearly established right under federal law to access to a law library while in jail prior to trial).

*Due Process in Discipline*

The court also finds plaintiff's allegations regarding jail disciplinary actions without a formal hearing or an opportunity to defend himself present no claim of constitutional significance because plaintiff identifies no liberty interest protected by the Due Process Clause.  The discipline at issue appears to have had no impact on the duration of plaintiff's confinement, and plaintiff does not allege being deprived of a state created liberty interest in some "unexpected manner" or of being subjected to hardship "sufficiently significant or atypical in relation to the ordinary incidents of [his confinement]" for the purpose of establishing such a protected liberty interest.  Sandin v. Conner, 515 U.S. 472, 484 (1995).

*Sheriff's Department as a Named Defendant*

The court further finds the McPherson County Sheriff's Department should be dismissed from the complaint because it is not a "person" within the meaning of 42 U.S.C. § 1983, and is not a suable entity.  See e.g. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

*Conclusion*

For these reasons, the court directs plaintiff to show cause

5

why the amended complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 5) are granted, with payment of the full $350.00 district court filing fee to be collected through periodic payments as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint (Doc. 8) is granted pursuant to Fed.R.Civ.P. 15(a).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 16th day of January 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge